**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOEL CHRISTY,

Defendant.

Case No.: 3:26-cr-00006-ART-CSD

**Protective Order for Discovery Containing Personal Identifying Information**

The Court has considered the government's Motion for Entry of a Protective Order for Discovery Containing Personal Identifying Information. The Court, finding good cause, hereby ORDERS as follows:

1. The government's discovery in this case relates to the defendant's alleged crime, that is Accessory After the Fact in violation of 18 U.S.C. § 3. The discovery contains the personal identifying information of real persons, including, among other things, addresses, telephone numbers, electronic mail addresses, unique handle for the social media accounts, dates of birth, and Social Security numbers.

2. If the government were to attempt to redact all this information in strict compliance with Fed. R. Crim. P. 49.1 and the District of Nevada Local Rules regarding redaction, the defense would receive a set of discovery that would be highly confusing and difficult to understand.

3. The Court finds it is appropriate, therefore, for the government to produce unredacted discovery that contains personal identifying information but preserve the privacy and security of alleged witnesses and third parties. The Court agrees that a protective order as requested by the government will serve the government's interest in maintaining the privacy and security of

alleged witnesses and third parties while permitting the defense to understand the government's evidence.

4. Accordingly, the discovery the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a. For purposes of this Protective Order, the "defense team" in this matter includes only counsel of record (current and future) for the defendant, and any investigators, hired experts, and employees of defense counsel assigned to this case. The term "defense team" does not include any person or entity not specifically identified herein, and thus does not include the defendant, any of the defendant's family members or any other associates of the defendant.

b. "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, electronic mail accounts, social media accounts, or personal identification number. The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the protective order.

c. The government shall identify evidence that would fall within the parameters of the protected information identified herein in writing to the defense by bates stamp number and clearly mark them as "Confidential PII – Subject to Protective Order".

d. The government is authorized to provide defendant's counsel of record with PII Protected Information. Defendant may review unredacted PII Protected Information in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review unredacted PII Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such

unredacted PII Protected Information in this case at any time. Defendant must return any unredacted PII Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the unredacted PII Protected Information. Defendant may not take any unredacted PII Protected Information out of the room in which he is meeting with the defense team. Defendant may not write down or memorialize any PII contained in the PII Protected Information. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all unredacted PII Protected Information. At no time, under no circumstance, will any unredacted PII Protected Information be left in the possession, custody, or control of defendant. The defendant shall not produce or divulge the protected information or the content thereof to any other person.

e. The defense team shall not permit anyone other than the defense team to have possession of unredacted PII Protected Information, including defendant himself. The defense team shall access and use PII Protected Information for the sole purpose of preparing for trial or any related proceedings in this case. The defense team may review PII Protected Information with a witness or potential witness in this case, including defendant. Before being shown any portion of unredacted PII Protected Information, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of the Protective Order. No witness or potential witness may retain unredacted PII Protected Information or any copy thereof, after his or her review of those materials with the defense team is complete.

f. The defense team shall maintain unredacted PII Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see unredacted PII Protected Information, (2) not divulging to anyone the contents of PII Protected Information, and (3) not permitting unredacted PII Protected

Information to be outside the defense team's offices, homes, hotel rooms, vehicles, or personal presence.

g. To the extent that notes are made that memorialize, in whole or in part, the PII in any PII Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

h. The defense team shall use PII Protected Information and materials otherwise identified as containing PII only within the scope of representing the defendant and for no other purpose. The defendant's representation includes any appeal filed by the defendant, any motion filed by the defendant pursuant to 28 U.S.C. § 2255, and preparation of any and all mitigation materials. In the event that a party needs to file PII Protected Information, materials otherwise identified as containing PII, the filing should redact PII and any confidential information contained within confidential materials in strict compliance with Federal Rule of Criminal Procedure 49.1 and any applicable local rule and the broader definition of PII as defined by this protective order. If the filing itself or any exhibits thereto requires the Court to review the PII contained therein in unredacted form, counsel may file unredacted materials under seal without further order of the Court. If any ambiguity in this Order creates uncertainty as to the form of a proposed filing, the parties are directed to meet and confer to resolve before seeking the intervention of the Court.

i. Upon the final disposition of this case, any PII Protected Information or materials otherwise identified as containing PII shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order

is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return PII Protected Information and materials otherwise identified as containing PII to the government or certify that such materials have been destroyed.

j. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information or materials otherwise identified as containing PII may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, or certifying the destruction of, all PII Protected Information and materials otherwise identified as containing PII.

IT IS SO ORDERED.

DATE: July 31, 2026

THE HONORABLE CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE